IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 89-152
) See Civil Action No. 08-510
RAYMOND E. WASHINGTON, )
)
Defendant/petitioner. )

ORDER

AND NOW, this 5th day of January, 2009, upon consideration of Petitioner Raymond E. Washington's pro se "2255 Writ of Habeas Corpus" (document No. 253),[1] filed in the above-captioned matter on April 9, 2008, and upon further consideration of the Government's response thereto and the parties' subsequent replies (document Nos. 260, 261, and 263),[2]

IT IS HEREBY ORDERED that said Motion is DENIED.

I.  **Background**

On March 20, 1990, Petitioner, Raymond E. Washington, was convicted at trial of one count of conspiracy to distribute and

---

[1] Petitioner identifies his motion both as a 2255 motion and as a writ of habeas corpus. However, because he is actually challenging his federal sentence, it is properly considered to be a motion under 28 U.S.C. § 2255.

[2] The Court notes that although Petitioner's initial motion was filed pro se, the Court subsequently, on April 14, 2008, appointed counsel to represent Petitioner, and this counsel did file a "Reply to Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence" (document No. 261) on Petitioner's behalf.

1

possess with intent to distribute less than 500 grams of cocaine, in violation of Title 21, United States Code, Section 846 (Count One), two counts of possession with intent to distribute and distribution of less than 500 grams of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Counts Two and Three), and one count of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count Five). On June 1, 1990, this Court sentenced Petitioner to 210 months' imprisonment at each of Counts One, Two, and Three, and 120 months' imprisonment at Count Five, all to be served concurrently, to be followed by a term of supervised release of 5 years at Counts One, Two, and Three, and 3 years at Count Five, to be served concurrently. In a judgment dated September 17, 1991, the Third Circuit Court of Appeals reversed Petitioner's conviction at Count Five and vacated his sentence as to that count. The Circuit Court did, however, affirm Petitioner's other convictions and sentences.

Petitioner was released to supervision on February 1, 2005. In a Petition on Supervised Release signed on March 17, 2006, his probation officer alleged that Petitioner had violated the terms of his supervised release and requested that the Court issue a bench warrant for Petitioner's arrest. Specifically, the probation officer advised that Petitioner violated his supervised release in the following manner:

2

(1) He violated the condition of his supervised release which provides that he shall not violate any law, including local, state, or federal laws, and the condition which provides that he shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, by committing the following state offenses: unlawful delivery of a controlled substance, possession with the intent to deliver a controlled substance, and possession of a controlled substance on three separate occasions - October 28, 2005, November 4, 2005, and November 15, 2005. The probation officer reported that, on all three occasions, Petitioner sold powder cocaine to a confidential informant while in the company of an undercover police officer. The amount of cocaine allegedly sold was 5.9 grams, 7.1 grams, and 13.9 grams, respectively.

The probation officer reported that three separate criminal complaints were filed on January 12, 2006, by the Pennsylvania State Police, each one alleging each of the three violations set forth above, one for each date of the alleged violations. Petitioner was arrested pursuant to these charges on March 7, 2006.

(2) He violated the condition of his supervised release which provides that he shall submit a truthful and complete written report within the first five days of each month by submitting

3

reports for the months of October and November 2005 falsely indicating that he had not possessed or used any illegal drugs during the month and failing to list a silver Dodge Durango, Pennsylvania Registration Number ELW 7336, as a vehicle owned or operated by him during that time period.

A hearing on this petition was held before this Court on December 11, 2006. Petitioner admitted that he had violated his supervised release, that supervised release must be revoked, and that there was a factual basis for each of these violations. Accordingly, the Court found that Petitioner had violated the terms of his release as alleged, revoked the supervised release, and sentenced Petitioner to a term of imprisonment of 41 months, consisting of a term of imprisonment of 24 months at each of Counts One and Two, to be served concurrently, and a term of imprisonment of 17 months at Count Three to be served consecutively to the terms imposed at Counts One and Two.

After unsuccessfully attempting to appeal this sentence,[3] Petitioner filed the present motion seeking to vacate his sentence under 28 U.S.C. § 2255.

II.     **Discussion**

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the

---

[3] The Third Circuit dismissed Petitioner's appeal as untimely pursuant to a March 17, 2008 Order.

4

right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law ...[to] move the court which imposed the sentence to vacate, set aside or correct the sentence."

Petitioner here argues that the Court's revocation of his supervised release and the accompanying 41-month sentence should be vacated because the basis for the revocation and sentence no longer exist. Petitioner argues that the revocation was based on the fact that he had been convicted of the offenses alleged in the Petition on Supervised Release, specifically, unlawful delivery of a controlled substance, possession with the intent to deliver a controlled substance, and possession of a controlled substance, and that these state convictions had been withdrawn and vacated. This argument misses the mark.

Petitioner, throughout his filings, insists that his revocation and sentence were based upon state court convictions. Indeed, he italicizes the word conviction throughout his Reply to Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence to emphasize this term. However, contrary to Petitioner's claim, the Court's revocation of his supervised release and the accompanying sentence were in no way based on the fact that he was *convicted* of a crime in any other court, but rather on the

5

fact that he had engaged in conduct constituting a violation of state and federal law. Indeed, the condition which he violated provides that he shall not *commit* another federal, state, or local crime, not that he avoid being convicted of one.[4]

Petitioner's argument that he never admitted that he had been convicted is therefore misplaced. Petitioner acknowledges that he did admit that there was a factual basis for each of the alleged violations, that there had been a violation of supervised release, and that the law required revocation of his supervised release. (Transcript of December 11, 2006 hearing ("Tr.") at 3). Moreover, he did not object to the factual basis for the violations set forth by Government counsel at the hearing. Further, defense counsel indicated that Petitioner did not deny that he had been dealing drugs. (Tr. at 9). It is his admission to this conduct, and not the fact of conviction, that was the basis of the revocation and the sentence imposed by the Court.[5]

As both parties acknowledge in their briefs, where the condition allegedly violated is that a defendant not commit a crime, "there is no requirement of conviction or even indictment." United

---

[4] Although the Court found that Petitioner had also violated other conditions of his supervised release, the violation of this condition was the most serious and was the basis for the recommended guideline range found by the Court.

[5] Contrary to Petitioner's contention, his admission went far beyond merely admitting that he had been charged with criminal conduct.

6

States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004). What is relevant is not whether Petitioner was convicted of a new crime, but whether he actually committed a new crime. See id. "In other words, 'to revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions.'" Id. (quoting United States v. Manuszak, 532 F.2d 311, 317 (3d Cir. 1976)).

Accordingly, it is irrelevant whether Petitioner was actually convicted of any state charges. His admission to conduct that would constitute a violation of state law and, in this case, federal law,[6] is sufficient to establish that he violated the condition of his supervised release that he not commit another federal, state, or local crime. Here, he admitted that there was a factual basis for the allegation and a violation of the conditions at issue. Whether Petitioner is also convicted of an offense and punished by the Commonwealth of Pennsylvania or whether these charges are ultimately dismissed is irrelevant.

The Court further notes that Petitioner does not, at any point, claim that he did not engage in conduct that would constitute a state and/or federal crime. He merely argues that the Commonwealth of Pennsylvania has not convicted him of any crimes, not that he has not committed them. Indeed, any such argument would

---

[6] The Court specifically found at the December 11, 2006 hearing that Petitioner's conduct would also constitute a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Tr. at 5).

7

fly in the face of the admissions made during the December 11 hearing.

III.     **Conclusion**

For all of the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253 (c) (2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

s/Alan N. Bloch
United States District Judge

cc:     Asst. U.S. Atty. Stephen Kaufman
        Asst. Federal Public Defender Karen S. Gerlach